UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Anderson,<br>              Plaintiff,<br>      v.<br>Safe Streets USA LLC, et al.,<br>              Defendants. | No. 2:18-cv-00323-KJM-JDP<br><br>ORDER |

Plaintiff Mark Anderson moves for final approval of settlement of the PAGA action preliminarily approved by the court. Mem. P. & A. Final Approval, ECF No. 50. Anderson also moves for attorneys' fees and other costs. Mot. Fees Approval, ECF No. 49.[1] Both motions are unopposed. As explained below, the court **denies the motions without prejudice.**

**I.    BACKGROUND**

From October 2014 through December 2016, defendant Safe Streets employed plaintiff Anderson as a service technician in Michigan and California. Compl. ¶¶ 2, 6, ECF No. 1. On

---

[1] Plaintiff requests judicial notice of various court filings, including plaintiff's motion for preliminary approval of class settlement, ECF No. 43, the court's order granting motion for preliminary approval, ECF No. 45, joint stipulation on class notice and rescheduling of motion deadlines and final approval hearing date, ECF No. 47, and the court's order granting joint stipulation, ECF No. 48. RJN, ECF No. 49-4. The court grants the request and takes judicial notice of these court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and similar matters of public record).

February 12, 2018, Anderson commenced this class action, bringing claims under the Fair Labor Standards Act (FLSA), the California Labor Code, and the Private Attorneys General Act (PAGA). *See generally id.* Anderson's FLSA claim was resolved in arbitration and is no longer part of this action. Prev. Order at 3, ECF No. 45. Anderson's only remaining claim is under PAGA. *Id.*; *see also* Workman Decl. Prelim. Approval ¶ 12, ECF No. 43-2 (explaining settlement calculations are only for PAGA claims). The court retained supplemental jurisdiction over Anderson's PAGA claim under 28 U.S.C. § 1367(c).

Following a mediation of Anderson's PAGA claim, and after further negotiations, the parties reached a settlement of this claim. Prev. Order at 3. Anderson sought preliminary approval of the settlement, Mot. Prelim. Approval, ECF. No. 43, which the court granted, *see generally* Prev. Order. Anderson now moves for the settlement's final approval and for attorneys' fees and other costs. *See* Mem. P. & A. Final Approval; Mot. Fees Approval. As noted above, the motions are unopposed. The court held a hearing on July 8, 2022. Robin Workman appeared for plaintiff Anderson. Thomas Hill appeared for defendant Safe Streets.

## II.  DISCUSSION

"An employee bringing a PAGA action does so as the proxy or agent of the state's labor law enforcement agencies, . . . who are the real parties in interest." *Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (citations and quotations omitted). Thus, "[a]n action brought under the PAGA is a type of qui tam action." *Id.* at 429. Because a settlement of PAGA claims compromises a claim that could otherwise be brought by the state, the PAGA provides that "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2). In a PAGA suit, "[i]f the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 25% of the civil penalties recovered while the LWDA [Labor & Workforce Development Agency] is entitled to 75%." *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1121 (9th Cir. 2013) (citing Cal. Lab. Code § 2699(i)). Here, the parties' proposed settlement does not appear to comply with the requirements of section 2699(i).

/////

Below is the breakdown of the parties' proposed settlement:

1. The settlement provides a Gross Settlement Amount (GSA) of $1,490,000.

2. Based on the GSA, the settlement allocates $800,000 for PAGA claims and $690,000 for class claims. In other words, the PAGA fund contains $800,000 while the class fund contains $690,000.

3. The settlement then provides for transferring $200,000 of the PAGA fund to the class fund. After this transfer is effected, the PAGA fund contains $600,000 while the class fund contains $890,000.

4. The balance of the PAGA fund is further reduced by the payment of $491,700 in attorneys' fees, $10,000 in an incentive award payment, up to $25,000 in litigation costs, and up to $12,000 in a settlement administration fee. With these deductions, the net PAGA fund is at least $61,300 while the class fund remains at $890,000.

5. The PAGA fund's balance of $61,300, which the parties acknowledge could be higher based on this court's adjustments, will be paid to the LWDA.

6. Aggrieved employees will be paid a total of $890,000 from the class fund. The estimated settlement payment to each employee is $7,177 while the highest estimated single payment to an employee is $24,303.

*See* Mem. P. & A. Final Approval at 11; Chiango Decl. ¶ 8, ECF No. 50-2.

The court finds two primary issues with this settlement. First, upon closer inspection following hearing, the court can discern no basis for dividing the GSA between PAGA and class claims because Anderson's only remaining claim is under the PAGA. This is especially problematic because the division dilutes the amount of civil penalties that the LWDA is entitled to receive based on Anderson's PAGA claim. *Cf. Perez v. All Ag, Inc.*, 2020 WL 1904825, at *6 (E.D. Cal. April 17, 2020) (denying approval of PAGA settlement where court had "concerns regarding the parties' transparent attempt to make an end run around PAGA, which specifically provides that 75% of civil penalties recovered under PAGA are to go to the LWDA, with 25% reserved for the aggrieved employees."). Second, as raised at hearing, the settlement does not

distribute 75 percent of the civil penalties to the LWDA. Without this court's making any adjustments, the settlement provides a total of $61,300 to the LWDA while providing aggrieved employees a total of $890,000. *See* Mem. P. & A. Final Approval at 11. In other words, the settlement provides $828,700 more to aggrieved employees than the LWDA, although PAGA plainly requires most of the civil penalties to be paid to the LWDA. *See* Cal. Lab. Code § 2699(i).

The court cannot rewrite the parties' settlement to cure these flaws. *See Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) ("courts are not permitted to modify settlement terms or in any manner to rewrite agreements reached by parties."). The court thus denies the pending motions without prejudice to a renewed motion addressing in detail the above concerns.

### III. CONCLUSION

The motions for final approval and fees are **denied without prejudice.**

This order resolves ECF Nos. 49 & 50.

IT IS SO ORDERED.

DATED: August 2, 2022.

CHIEF UNITED STATES DISTRICT JUDGE