UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Anderson, | No. 2:18-cv-00323-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Safe Streets USA, LLC, | |
| Defendant. | |

Defendant Safe Streets USA, LLC, moves to compel arbitration of plaintiff Mark Anderson's individual PAGA claim and moves to dismiss his non-individual PAGA claim. Mot., ECF No. 72. The motion is fully briefed, Opp'n, ECF No. 73; Reply, ECF No. 75, and the court submitted it without oral argument, Min. Order, ECF No. 74. As explained below, the court **grants** defendant's motion to compel and **stays** the case pending the decision in *Adolph v. Uber Technologies, Inc.*, California Supreme Court Case No. S274671.[1]

The court previously discussed the history of this case in its order granting defendant's prior motion to compel arbitration of plaintiff's non-PAGA claims, Prior Order at 1–4, ECF No. 19, and incorporates that background in this order. The court also discussed the applicable legal

---

[1] The California Supreme Court heard oral argument on May 9, 2023, and then submitted the matter. *Adolph v. Uber Techs., Inc.*, Cal. Supreme Court Case No. S274671, Docket 05/09/2023.

1

standard, *id.* at 4–6, incorporated here as well. After the court ordered arbitration of plaintiff's individual labor code claims, the arbitrator found in part for plaintiff and in part for defendant. *See* Final Joint Status Report at 2, ECF No. 28. The court then scheduled the case to proceed in this court, *see* Hr'g Mins., ECF No. 31, and settlement proceedings followed, *see* Prior Order at 3–5, ECF No. 65. The court denied final approval of the settlement, *see generally id.*, after which the parties brought to the court's attention that the U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Oriana*, 142 S. Ct. 1906 (2022), might affect the outstanding PAGA claim, *see* Joint Status Report, ECF No. 66.

After supplemental briefing on *Viking River*'s impact, *see* Suppl. Br., ECF No. 68; Mem., ECF No. 69; Notice, ECF No. 70, the court granted defendant leave to file the instant motions, Min. Order, ECF No. 71. At this stage, all that remains is plaintiff's PAGA claim. As the Supreme Court held in *Viking River*, that claim may be split into an individual claim and a non-individual claim when permitted by a severance clause, so the individual claim alone can be compelled to arbitration. *See* 142 S. Ct. at 1924–25. The parties agree the arbitration agreement at issue contains a severance provision. Mot. at 8; Opp'n at 19.

The court first addresses plaintiff's individual PAGA claim before turning to his non-individual PAGA claim. As the parties agree, *see* Mot. at 7; Opp'n at 18, plaintiff's individual PAGA claim is wholly derivative of his labor code claims, which the court previously compelled to arbitration, *see generally* Prior Order. As a result, the court finds it should compel arbitration of the individual PAGA claim under *Viking River*, absent evidence the agreement does not apply to this claim. *See* 142 S. Ct. at 1924–25. Plaintiff raises two arguments against defendant's motion to compel this claim, neither of which is persuasive.

First, plaintiff contends defendant cannot relitigate the merits of the individual PAGA claim because the prior arbitral decision precludes it. Opp'n at 18. However, as defendant points out in reply, *see* Reply at 2, the individual PAGA claim has not been litigated, and to the extent the arbitral decision can be relied upon for issue preclusion, that argument goes to the merits of the individual PAGA claim, not the arbitrability of the claim.

1    Second, plaintiff argues the arbitration agreement is unconscionable. Opp'n at 19–20. At
2 the outset, the court notes it previously considered at length plaintiff's position that the arbitration
3 agreement is unconscionable and found the agreement not so, and enforceable. *See* Prior Order at
4 19. Here, however, plaintiff raises a single new argument for unconscionability: the severance
5 provision contains a pre-dispute jury trial waiver. Opp'n at 19–20; *see also In re County of*
6 *Orange*, 784 F.3d 520, 523 (9th Cir. 2015) (explaining pre-dispute jury trial waivers are invalid
7 under California law when not expressly authorized by statute). Assuming without deciding the
8 severance provision contains an invalid pre-dispute jury trial waiver, the court still finds the
9 agreement is not unconscionable and enforceable. The pre-dispute jury trial waiver is a single
10 clause in the severance provision. Opp'n at 18. That clause is conditional: enforceable "to the
11 fullest extent permitted by law." *Id.* Although that condition might save the clause, even if it did
12 not, one invalid provision does not render an entire agreement unconscionable. *See Bright v. Am.*
13 *Home Shield Corp.*, No. 20-2079, 2022 WL 1626714, at *5 (E.D. Cal. May 23, 2022) (finding
14 only one unconscionable provision insufficient to make arbitration agreement invalid under
15 California law). The court may, and in fact should, strike the unconscionable provision to save
16 the agreement. *See Sonico v. Charter Commc'ns, LLC*, No. 19-1842, 2021 WL 268637, at *13
17 (S.D. Cal. Jan. 27, 2021) (striking jury trial waiver from arbitration agreement); *see also*
18 *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 124 (2000) (holding
19 California law prioritizes severance if it will save agreement and severed provision is collateral to
20 agreement's purpose). Accordingly, even if the pre-dispute jury trial waiver were
21 unconscionable, the court would strike it to preserve the agreement, allowing the severance
22 provision to split the PAGA claim, and in turn permitting the individual claim to be arbitrated. In
23 short, neither of plaintiff's arguments against arbitration is persuasive. The court grants
24 defendant's motion to compel.

25    Lastly, turning to plaintiff's non-individual PAGA claim, the court adopts the same
26 reasoning it employed in *California Labor & Workforce Development Agency v. CompuCom*
27 *Systems*, No. 21-2327, 2023 WL 2466236 (E.D. Cal. Mar. 10, 2023), and **stays** the case pending
28 the California Supreme Court's decision in *Adolph v. Uber Technologies, Inc.* The parties are

directed to file a Joint Status Report every ninety days regarding the status of *Adolph*. In addition, the parties must notify the court when *Adolph* has been decided, within 14 days of the decision. At that time, the parties must file a Further Joint Status Report explaining their positions whether further briefing of the motion to dismiss is needed.

In sum, the court **grants** defendant's motion to compel arbitration of the individual PAGA claim and otherwise **stays** the case pending the anticipated decision in *Adolph v. Uber Technologies, Inc.*

This order resolves ECF No. 72.

IT IS SO ORDERED.

DATED: May 15, 2023.

                                      CHIEF UNITED STATES DISTRICT JUDGE