UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Anderson, | No. 2:18-CV-323-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Safe Streets USA, LLC, | |
| Defendant. | |

Defendant Safe Streets USA, LLC asks this court to dismiss plaintiff Mark Anderson's representative Private Attorneys General Act (PAGA) claim for lack of statutory standing. Mot. at 2–3, ECF No. 72. The court previously compelled arbitration of plaintiff's individual PAGA claim and stayed this case pending the California Supreme Court's then-anticipated decision in *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023). Stay Order, ECF No. 76. The court subsequently lifted the stay with respect to the non-individual PAGA claim and directed the parties to file a sur-reply and response to brief the issue raised by defendant in the parties' joint status report regarding whether PAGA's statutory standing mechanism is preempted by the Federal Arbitration Act (FAA). Order Lifting Stay at 2, ECF No. 78; *see also* Joint Status Report (JSR) at 4–5, ECF No. 77. Defendant has now filed a sur-reply to its motion to dismiss, Sur-Reply, ECF No. 79, and plaintiff has filed a response, Response, ECF No. 80. For the reasons below, the court **denies defendant's motion to dismiss**.

1

In support of its motion to dismiss, defendant first argues plaintiff's non-individual PAGA claim lacks standing. Mot. at 6–11. Defendant argues the U.S. Supreme Court's holding in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), strips plaintiff of statutory standing with respect to his non-individual claim. *See* Mot. at 8–9. In *Viking River*, the Court found the employee "lack[ed] standing to continue to maintain her non-individual claim in court" because her "individual claim [was] committed to a separate proceeding." *Viking River*, 596 U.S. at 642. However, defendant's motion was filed prior to the California Supreme Court's recent decision in *Adolph*.

In *Adolph*, the California Supreme Court resolved this issue. The court disagreed with the U.S. Supreme Court's conclusion in *Viking River* regarding statutory standing and held, "an order compelling arbitration of individual [PAGA] claims does not strip the plaintiff of standing to litigate non-individual claims in court." *Adolph.*, 14 Cal. 5th at 1123; *see also id.* at 1119 ("Because [t]he highest court of each State . . . remains the final arbiter of what is state law[,] we are not bound by the high court's interpretation of California law." (internal quotation marks and citations omitted)). "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995). As such, this court is bound by *Adolph* and finds plaintiff is not stripped of statutory standing to pursue his non-individual PAGA claim in court solely because the court ordered his individual claim to arbitration. *See Viking River*, 596 U.S. at 663–64 (Sotomayor, J., concurring) (recognizing "if [the] Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word"). After *Adolph*, lower courts in this circuit have denied similar motions to dismiss and have recognized *Adolph* as clarifying plaintiffs maintain standing to pursue non-individual PAGA claims despite a court's ordering individual PAGA claims to arbitration. *See, e.g.*, *Merhi v. Lowe's Home Ctr., LLC*, No. 22-545, 2023 WL 6798500, at *7–8 (S.D. Cal. Oct. 13, 2023) (denying motion to dismiss plaintiff's non-individual PAGA claim for lack of statutory standing in light of *Adolph*); *Filemon Colores v. Ray Moles Farms, Inc.*, No. 21-101, 2023 WL 6215789 at *2 (E.D. Cal. Sept. 25, 2023) (recognizing California Supreme Court's holding in *Adolph* as clarifying non-individual PAGA claims maintain standing when a plaintiff's

2

individual PAGA claim is compelled to arbitration); *Rubio v. Marriott Resorts Hosp. Corp.*, No. 23-00773, 2023 WL 8153535 at *4 (C.D. Cal. Oct. 17, 2023) (same).  For this reason, the court denies defendant's motion to dismiss with regards to lack of statutory standing.

Second, defendant argues the FAA preempts statutory standing under PAGA.  Defendant argues federal preemption exists because the FAA "bars the interpretation of state law enunciated in *Adolph* that would effectively *nullify* the agreements of 'represented' PAGA group members to arbitrate their PAGA claims on an individual basis."  Sur-Reply at 5 (emphasis in original) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011)).  Though defendant does not specify which type of preemption it alleges, its allegations amount to conflict preemption. Conflict preemption "includes cases where compliance with both federal and state regulations is a physical impossibility, and . . . where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *United States v. California*, 921 F.3d 865, 879 (9th Cir. 2019*)* (internal quotation marks and citations omitted). Defendant's argument hinges on the premise a non-individual PAGA claim nullifies the potential arbitration agreements of the absent third-party members of the represented PAGA group.  *See* Sur-Reply at 5; JSR at 5.

However, *Viking River* made clear plaintiff's non-individual PAGA claim is not binding on individual claims of absent third parties, nor does the non-individual claim preclude individual claims of absent third parties from being adjudicated or arbitrated.  As the Supreme Court explained, "PAGA actions do not adjudicate the individual claims of multiple absent third parties, they do not present the problems of notice, due process, and adequacy of representation that render class arbitration inconsistent with arbitration's traditionally individualized form."  *Viking River*, 596 U.S. at 655.  Rather, "a PAGA plaintiff . . . represents a single principal, [California's Labor and Workforce Development Agency], that has a multitude of claims."  *Id.*  Furthermore, "PAGA judgments are binding only with respect to the State's claims, and are not binding on nonparty employees as to any individually held claims."  *Id.* (citation omitted).

Because plaintiff's non-individual claim does not "*nullify* the agreements of 'represented' PAGA group members to arbitrate their PAGA claims on an individual basis," Sur-Reply at 5

(emphasis in original), *Adolph* does not stand as an obstacle to the FAA.  The court rejects defendant's preemption argument and denies the motion on this ground as well.

Defendant's motion to dismiss is **denied**.

The court **grants** the parties' request for a status conference, ECF No. 81.  The status conference is set for **February 8, 2024 at 2:30pm**.  The parties are directed to file a Joint Status Report 14 days prior.

This order resolves ECF Nos. 72 and 81.

IT IS SO ORDERED.

DATED: January 8, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE